# EXHIBIT A

**(to Declaration of Amber M. Spataro)**



# Service of Process Transmittal

| | |
|---|---|
| On Whom the Process was Served | Telos Legal Corp. |
| Entities name | 1661, INC. - FIGHT CLUB NEW YORK LLC |
| Attorneys/Sender | |
| Case Number(s)/Document(s) Served | 1:23-cv-03418-DLC |
| Title for Action | Summons |
| Date/Time/Method of Delivery | 5.1.23                          Process Server |
| Forwarding Address | 3433 W. Exposition Pl, Los Angeles, CA, 90018 |
| Forwarding Method | Fed Ex |
| Fed Ex Tracking Number | 772011104405 |
| Domestic State | Delaware |
| Jurisdiction Served | Delaware |
| Court/Agency | See Doc |
| Appearance of Answer Due | See Doc |

Signed: Telos Legal Corp.

Address: 510 W. 6th Street, #320
Los Angeles CA 90014

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| BLANCA CORTES | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) Civil Action No. |
| 1661, INC., d/b/a GOAT GROUP FLIGHT CLUB | ) |
| NEW YORK (DE) LLC MARC LAMBERT individually, | ) |
| and MICHAEL BURCH individually | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   FLIGHT CLUB NEW YORK (DE) LLC
c/o TELOS LEGAL CORP.
1012 COLLEGE ROAD, SUITE 201
Dover, DE 19904

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   TRACEY L. BROWN, ESQ.
THE COCHRAN FIRM
55 BROADWAY
23RD FLOOR
NEW YORK, NY 10006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____4/25/2023_____        /s/ P. Canales

_____
*Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                                  *Server's signature*

                                                              _____
                                                                  *Printed name and title*

                                                              _____
                                                                  *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BLANCA CORTES,

|  |  |
|---|---|
| *Plaintiff,* | Case No.: _____ |
|  | **COMPLAINT** |

-against-

1661, INC., d/b/a GOAT GROUP FLIGHT CLUB NEW
YORK (DE) LLC MARC LAMBERT individually, and
MICHAEL BURCH individually

                                              *Defendants.*
-------------------------------------------------------------------X

      1.    Plaintiff BLANCA "BIANCA" CORTES (hereinafter referred to as "Plaintiff" or "Ms. Cortes"), by and through her undersigned counsel, THE COCHRAN FIRM, as and for Plaintiff's Verified Complaint in this action against the Defendants 1661, INC., d/b/a GOAT GROUP, FLIGHT CLUB NEW YORK (DE) LLC, MARC LAMBERT (individually) and MICHAEL BURCH (individually) (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

## <u>NATURE OF THE CLAIMS</u>

      2.    This is a civil action for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including their discriminatory treatment, harassment, and unlawful retaliation against the Plaintiff due to her gender and sex, in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and to remedy violations of the New York State Human Rights Law; New York Executive Law, § 290, *et seq.* ("the Executive Law"); and the NY City Human Rights Law, Administrative Code of the City of New York 8-107 *et seq.* ("NYCHRL");

3.      Defendants' conduct is knowing, malicious, willful, and wanton and/or shows a reckless disregard for the Plaintiff. It has caused and continues to cause the Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her professional and personal reputations, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action involves federal questions, because the causes of action asserted herein arise in part under Title VII to remedy violations based upon Federal Law and the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being harassed, discriminated against, and retaliated against by Plaintiff's employers and superiors on the basis of Plaintiff's sex and gender under State and Local law.

5.      28 U.S.C. § 1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate state and local claims pursuant to 28. U.S.C. § 1367. The matter in controversy exceeds, exclusive of interests and costs, the sum of One Hundred Thousand Dollars ("$100,000").

7.      Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York, Manhattan.

## PROCEDURAL REQUIREMENTS

8.     Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") with respect to the herein charges of discrimination (hereinafter referred to as "EEOC Charge No. **524-2022-00790**").

9.     On or about January 24, 2023, Plaintiff received a Notice of Right to Sue letter (hereinafter referred to as "Plaintiff's said Notice of Right to Sue letter") from the EEOC for EEOC Charge No. **524-2022-00790**.

10.     Plaintiff satisfied all administrative prerequisites and has filed this case within ninety (90) days of receiving the Notice of Right to Sue letter.

## PARTIES

The Plaintiff

11.     Plaintiff BLANCA "BIANCA" CORTES (hereinafter referred to as "Plaintiff" and/or "Ms. Cortes") is an individual Latina female who is a resident of the State of New Jersey.

12.     Plaintiff is therefore a member of multiple protected classes.

The Defendant Employers

13.     At all times material, Defendant 1661, INC. d/b/a GOAT GROUP (hereinafter referred to as "GOAT" and/or "Defendants GOAT") was, and still is, a foreign business corporation, duly organized and existing under and by virtue of the laws of the State of Delaware and is authorized to do business in the State of New York.

14.     At all times material, GOAT owned and operated Defendant FLIGHT CLUB NEW YORK (DE) LLC (hereinafter referred to as "FLIGHT CLUB" and/or "Defendants FLIGHT CLUB").

15.     At all times material FLIGHT CLUB was, and still is, a foreign business corporation, duly organized and existing under and by virtue of the laws of the State of Delaware

3

and authorized to do business in the State of New York, with an office located at 812 Broadway, New York, NY 10003 (hereinafter referred to as the "Manhattan location").

16.     At all times material, Defendants GOAT and FLIGHT CLUB jointly employed Plaintiff.

17.     Defendants GOAT and FLIGHT CLUB are hereinafter collectively referred to as "the Defendant Employers" and/or "the Corporate Defendants."

18.     At all times material, the Corporate Defendants meet the definition of an "employer," and/or "joint employer."

19.     At all times material, the Corporate Defendants acted, by and through their employees, agents, board members, and servants who were acting in the scope and course of employment, agency, and servitude.

The Individual Defendants

20.     At all times material, the Corporate Defendants employed Defendant MARC LAMBERT (hereinafter referred to as "Defendant Lambert" and/or "Lambert") as Associate Asset Protection Manager.

21.     At all times relevant, Lambert held a supervisory position with the Corporate Defendants and controlled many tangible aspects of Plaintiff's job duties, including the power to control Plaintiff's work duties, work schedule, and work discipline including termination. Lambert is an individual, white, Caucasian male.

22.     As Plaintiff's supervisor, Lambert also aided and abetted the unlawful conduct described herein.

23.     At all times material, the Corporate Defendants employed Defendant MICHAEL BURCH (hereinafter referred to as "Defendant Burch" and/or "Burch") as Director. Burch is an individual white, Caucasian male.

4

24.     At all times relevant, Burch held a supervisory position with the Corporate Defendants, and controlled many tangible aspects of Plaintiff' job duties, including holding the power to control Plaintiff's work, to discipline Plaintiff, and to hire and fire Plaintiff.

25.     Burch was an active participant in the unlawful discrimination, retaliation and otherwise unfair employment decisions and actions taken against Plaintiff.

26.     Lambert and Burch are collectively referred to as "the individual Defendants."

### FACTUAL ALLEGATIONS

27.     At all times relevant, Ms. Cortes was an "employee" of the Corporate Defendants.

28.     On or about July 27, 2021, the Corporate Defendants hired Plaintiff as a Regional Asset Protection Manager ("RAPM") based at the Manhattan location.

29.     At all times material, Plaintiff was, and still is, qualified for the position of RAPM.

30.     At all times material, Plaintiff was an exemplary employee who obeyed orders and directives from her superiors.

31.     At all times material, Ms. Cortes performed all duties assigned in a diligent and thorough manner.

32.     Plaintiff asserts that Defendants engaged in a pattern and practice of discrimination against female employees, and employees who engage in protected conduct on behalf of themselves and other minority employees.

33.     By way of example, following hiring Plaintiff, Defendants failed and/or refused to provide her with any training or manuals during her initial onboarding process.

34.     Despite this immediate setback, Plaintiff attempted to expand her knowledge of Defendants' business and solidify herself as a valuable member of the Corporate Defendants' Asset Protection team.

35.     Ms. Cortes shared ideas with the Corporate Defendants' management on methods to improve various policies, including the "Code Adam" policy for the FLIGHT CLUB retail store, and the "Active Shooter Training" provided by the New York Police Department.

36.     Plaintiff's direct supervisor, Defendant Lambert, immediately stifled her attempts to become an active member of the team.

37.     Within her first few months working under Lambert, and as the only female employee in the department, Ms. Cortes immediately recognized his discriminatory treatment through his actions and his gender-based comments.

38.     By way of example, Lambert often commented on Plaintiff's lack of strength when performing a physical task, stating that a man would perform better than Plaintiff.

39.     Lambert frequently discouraged Ms. Cortes when she asserted herself, stating she was out of her "pay range," and he reprimanded her for going "over his head with any ideas."

40.     By way of further example, Lambert frequently gave Plaintiff direct instructions, but gave contradictory information to her peers and business partners, causing her to lose credibility within the department. Male employees were not treated this way.

41.     By way of further example, on or about October 13, 2021, during a visit to the new GOAT warehouse in Teterboro, NJ, some buttons on Plaintiff's blouse accidentally became undone while exiting her car. Underneath her blouse, Plaintiff had on a camisole.

42.     Upon entering the warehouse, Lambert commented on her wardrobe malfunction, which Plaintiff immediately fixed.

43.     Later that day, when Ms. Cortes prepared to go to lunch, Lambert rolled his eyes at her and then berated her, accusing her of purposely exposing herself and violating the dress code and questioned her self-respect.

44.     Humiliated and offended by Lambert's actions, Plaintiff repeated that it was an unintentional wardrobe malfunction. During this conversation, Lambert blatantly stared at Ms. Cortes' chest, making her feel further exposed, degraded and objectified.

45.     A few days later, on or about October 20, 2021, Lambert angrily approached Plaintiff, pulling her into a conference room, and criticized her work performance without any basis, including threatening her job.

46.     When Ms. Cortes sat down, Lambert moved closer to her and brushed his groin area against her elbow. Plaintiff immediately moved her arm away and fled the conference room.

47.     Lambert continuously made inappropriate comments about Ms. Cortes' appearance, including telling her that she looked tired and had bags under her eyes. Male employees did not have their physical appearance criticized.

48.     In addition to the harassment, Lambert frequently degraded Plaintiff during meetings and via email, particularly when she requested assistance or clarification.

49.     For example, during an in-person meeting on or about November 4, 2021, Lambert stated, "If I knew I had to hold your hand, I would go and hire someone else." Male employees were not subjected to such dismissive and discriminatory comments when simply requesting clarification on a job assignment.

50.     On or around November 5, 2021, Ms. Cortes filed a complaint via email with Ms. Nancy Acevedo in Human Resources regarding Lambert.

51.     Plaintiff followed up twice on her complaint, in-person on November 8, 2021, and again on the morning of November 15, 2021.

52.     Human Resources ("HR") promised that Ms. Megan Salmon, HR Business Partner, would reach out to Plaintiff later that day, but HR failed to investigate her complaints.

53.     In immediate retaliation for her complaints to HR, Lambert emailed Plaintiff raising purported performance issues on the afternoon of November 15, 2021, the same day as Plaintiff's then most recent complaint.

54.     In further retaliation, Lambert began excluding Ms. Cortes from various critical job functions, such as removing her from all conference calls with senior members of the Asset Protection Team.

55.     Lambert's discriminatory treatment continued for the next several weeks.

56.     Since HR failed to act on Ms. Cortes' previous complaints, on January 3, 2021, she filed a sexual harassment complaint through the company's 3rd party ombudsman, Lighthouse.

57.     Following Plaintiff's complaint to Lighthouse, Ms. Wendy Kwong, Human Resources Business Partner contacted Plaintiff regarding her harassment complaint and subsequently decided that Lambert's conduct did not violate any company policy.

58.     As a result of this sham investigation, the retaliation by Mr. Lambert increased.

59.     For example, on or about January 20, 2022, Lambert emailed the head of the Asset Protection department to state Plaintiff was not performing her job.

60.     Further, Plaintiff was falsely accused by Defendant Lambert of lying about work deliverables despite providing email and other physical proof to the contrary.

61.     In light of the continued discriminatory treatment, Ms. Cortes complained directly to Defendant Burch, Associate Director of Asset Protection at the Goat Group, specifically telling him that she was treated differently than her male peers.

62.     Burch did not investigate her complaint.

63.     Instead, on or about February 18, 2022, Burch and Ms. Salmon unlawfully terminated Ms. Cortes in retaliation for her complaints and in furtherance of their discriminatory motives.

64.     Defendants' actions in this regard were clearly discriminatory, as male employees were not treated in this manner.

65.     The totality of these acts demonstrates a pattern of Defendants failing to prevent or address incidents of discrimination, failing to implement antidiscrimination policies, and failing to adequately train staff concerning civil rights issues, intentionally perpetrated by the Corporate Defendants' management and staff.

66.     Defendants have devised, implemented, and executed a scheme through which they give disparate, preferential treatment and superior benefits to male employees, while knowingly and intentionally denying equal treatment and benefits to female employees, including Plaintiff.

67.     Defendants discriminated against Plaintiff on the basis of her sex and gender and because Plaintiff complained or opposed the unlawful conduct of Defendants related to the above protected classes. Defendants retaliated against Plaintiff for engaging in protected activity.

68.     As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, physical ailments, and financial loss.

69.     As a result of Defendants' actions, Plaintiff has been and continues to feel extremely humiliated, degraded, victimized, marginalized, embarrassed, and emotionally distressed.

70.     As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to her professional reputation.

71.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

72.     Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

## AS A FIRST CAUSE OF ACTION

For Sex/Gender Discrimination in Violation of Title VII
(Against All Defendants)

73.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

74.     Title VII states in relevant part as follows:

a.      Employer practices: It shall be an unlawful employment practice for an employer:

i.      to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin.

75.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender.

10

76.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis of Plaintiff's sex and gender.

77.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by harassing and otherwise discriminating against Plaintiff as set forth herein.

78.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION

For Retaliation in Violation of Title VII
(Against All Defendants)

79.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

80.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

81.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

82.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION

For Gender/Sex Discrimination in Violation of the New York State and
New York City Human Rights Laws
(Against All Defendants)

83.     Plaintiff repeats and re-alleges each and every allegation contained in the above
paragraphs of the complaint as if fully set forth herein.

84.     New York State Executive Law § 296 provides that "1. It shall be an unlawful
discriminatory practice: (a) For an employer or licensing agency, because of an individual's age,
race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing
genetic characteristics, marital status, or status as a victim of domestic violence, to refuse to hire
or employ or to bar or to discharge from employment such individual or to discriminate against
such individual in compensation or in terms, conditions or privileges of employment."

85.     Similarly, New York City's Human Rights Law prohibits the same and or similar
discriminatory practices under the Administrative Code of the City of New York, section 8-107,
et. seq.

86.     Defendants engaged in and are still engaging in unlawful discriminatory practices
by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy
discrimination of Plaintiff thereby discriminating against the Plaintiff because of Plaintiff's
gender.

87.     As a direct and proximate result of Defendants' unlawful and discriminatory
conduct in violation of the New York State Executive Law § 296, and New York City's Human
Rights Law Plaintiff suffered, and continues to suffer, monetary and/or economic damages,
including, but not limited to, loss of past and future income, compensation, and benefits, for which
Plaintiff is entitled to an award of monetary damages and other relief.

88.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the New York State Executive Law § 296 and the Administrative Code of the City of New York section 8-107 et. seq., Plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

89.     Plaintiff hereby makes claims against Defendants under all applicable paragraphs of New York State Executive Law Section 296 and the Administrative Code of the City of New York section 8-107 et. seq.

### AS A FOURTH CAUSE OF ACTION

For Gender/Sex Harassment in Violation of the New York State and
New York City Human Rights Laws
(Against All Defendants)

90.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

91.     New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (h) For an employer, licensing agency, employment agency or labor organization to subject any individual to harassment because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, **gender** identity or expression, military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status, status as a victim of domestic violence, or because the individual has opposed any practices forbidden under this article or because the individual has filed a complaint, testified or assisted in any proceeding under this article, regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims."

92.    Similarly, the New York City Human Rights law prohibits discriminatory conduct against employees by their employers.

93.    Defendants engaged in an unlawful discriminatory practice by subjecting Plaintiff to inferior terms, conditions, and privileges of employment because of sex, and gender.

94.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Executive Law § 296, and New York City Human Rights Law Plaintiff suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of monetary damages and other relief.

95.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the New York State Executive Law § 296, and New York City Human Rights Law, Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

96.    Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of New York State Executive Law Section 296 and the Administrative Code of the City of New York section 8-107 et. seq.

**AS A FIFTH CAUSE OF ACTION**

For Retaliation in Violation of the New York State and
New York City Human Rights Laws
(Against All Defendants)

97.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

98.    New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article."

99.    Similarly, New York City's Human Rights Law prohibits retaliation against those who engage in protected activity.

100.    Defendants engaged in an unlawful discriminatory practice by, *inter alia*, harassing, threatening, humiliating, undermining and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to Defendants' discriminatory practices towards Plaintiff and other female employees and/or Plaintiff's participation in criticizing and lodging complaints about Defendants' discriminatory practices towards Plaintiff and other employees.

101.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct, in violation of the New York State Executive Law § 296(7), and New York City's Human Rights Law Plaintiff suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, and a wrongful termination for which Plaintiff is entitled to an award of monetary damages and other relief.

102.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct, in violation of the New York State Executive Law § 296(7), and the Administrative Code of the City of New York section 8-107 et. seq., Plaintiff, suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

15

103.    Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of New York State Executive Law Section 296, New York City's Human Rights Law for retaliation.

## AS A SIXTH CAUSE OF ACTION

For Aiding and Abetting Under the New York City Administrative Code
(Against the Individual Defendants)

104.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

105.    The New York City Administrative Code Title 8, § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

106.    Defendants Lambert and Burch engaged in an unlawful discriminatory practice, in violation of New York City Administrative Code Title 8, § 8-107(6) by knowingly and/or recklessly aiding, abetting, compelling, inciting, coercing and/or actively participating in the unlawful, discriminatory, and retaliatory conduct as stated herein.

107.    As a direct and proximate result, Plaintiff suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

108.    As a direct and proximate result, Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

16

109.     Defendants Lambert and Burch's unlawful actions constitute malicious, willful, and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

110.     Plaintiff hereby makes a claim against Defendants Lambert and Burch under all applicable paragraphs of New York City Administrative Code Title 8.

### AS A SEVENTH CAUSE OF ACTION

For Supervisor Liability Under the New York City Administrative Code
(Against All Defendants)

111.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein as if fully set forth herein.

112.     New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

b.     An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

c.     An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

i.     The employee or agent exercised managerial or supervisory responsibility; or

ii.     The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's

17

discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      iii.  The employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

  113.  Defendants violated the section cited herein as set forth.

  114.  Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of New York City Administrative Code Title 8.

## **AS AN EIGHTH CAUSE OF ACTION**

### For Aiding and Abetting Under State Law
### (Against the Individual Defendants)

  115.  Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

  116.  New York State Executive Law § 296(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

  117.  Defendants Lambert and Burch engaged in an unlawful discriminatory practice by knowingly and/or recklessly aiding, abetting, compelling, coercing and/or actively participating in the unlawful, discriminatory, and retaliatory conduct as stated herein.

  118.  As a direct and proximate result of Defendants Lambert and Burch's unlawful discrimination and retaliation against Plaintiff, in violation of the New York State Executive Law §296(6), Plaintiff suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of monetary damages and other relief.

119.    As a direct and proximate result of Defendants Lambert and Burch's unlawful discrimination and retaliation against Plaintiff, in violation of the New York State Executive Law § 296(6), Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

120.    Plaintiff hereby makes a claim against Defendants Lambert and Burch under all applicable paragraphs of New York State Executive Law Section 296.

## JURY DEMAND

121.    Plaintiff demands a trial by jury on all issues of fact and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate Federal Law, the laws of the State of New York, and the laws of the City of New York;

B.     An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.     An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus pre- and post-judgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority, and other benefits of employment;

D.      An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus pre- and post-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

E.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus pre- and post-judgment interest;

F.      An award of punitive damages, in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter;

G.      An award of costs that Plaintiffs have incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H.      Such other and further relief as the Court may deem just and proper.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiff respectfully prays for the judgment against all Defendants, including compensatory damages, punitive damages against individual Defendants, any and all damages allowed by state, local and federal law including pre-judgment interest, post-judgment interest, and attorney's fees in an aggregate amount well above the jurisdictional amount needed to bring this case to this Court.

Dated:  April 24, 2023
        New York, NY

Respectfully submitted,

THE COCHRAN FIRM


_____ /s/ *Tracey L. Brown* _____

Tracey L. Brown, Esq. (TB-4094)
One Exchange Plaza
55 Broadway, 23rd Floor
New York, New York 10006
T: (212) 553-9215
F: (212) 227-8763
E: tbrown@cochranfirmny.com