# EXHIBIT B

(to Declaration of Sheena Joseph)

Last updated: April 19, 2021

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

1661 Inc. dba GOAT, a Delaware corporation (the "Company") and the individual referenced in the signature block below ("Employee") (collectively, the "Parties") recognize and agree that differences may arise between the Parties during and following Employee's employment, and in some instances these differences can be resolved informally. Where informal procedures do not produce a satisfactory result, legally cognizable claims and controversies between the Parties may be submitted to final and binding arbitration as provided in this Mutual Agreement to Arbitrate Claims (the "Agreement").

In arbitration, the Parties present their case, including evidence, to a neutral third party called an "arbitrator," who is usually also an attorney such as a retired judge, rather than to a judge or jury. The Parties are entitled to be represented by their own legal counsel in the arbitration proceeding. After reviewing the evidence and considering the Parties' arguments, the arbitrator makes a decision to resolve the dispute. The arbitrator's decision is final and binding which means there will be no trial by a judge or jury.

In exchange for the mutual promises contained in this Agreement, and in consideration of the Company employing Employee and Employee's acceptance of at-will employment with the Company, the Parties mutually agree to submit to binding arbitration any and all disputes, claims or controversies arising out of or relating to this Agreement or the employment relationship between the Parties, including Employee's application, hire, employment or termination, except as to those claims excluded herein. It is the Parties' intent to resolve all disputes or claims that the Company may have against Employee, or that Employee may have against the Company, including the Company's officers, directors, employees, agents, parents, subsidiaries, or affiliated entities. Entering into this Agreement is also a condition of Employee's continued employment with the Company.

1. <u>CLAIMS COVERED</u>. Except as provided in Paragraph 2, this Agreement includes all disputes and claims which either the Company or Employee has or will have against one another, including claims the Employee may have against the Company or its officers, directors, supervisors, managers, employees, or agents in their capacity as such or otherwise. Covered claims include, but are not limited to, claims for: wrongful termination, constructive discharge, or any adverse employment action; breach of any contract or covenant, express or implied; breach of any duty owed to Employee by Company or to Company by Employee; personal, physical or emotional injuries; fraud, misrepresentation, defamation, negligence, and any other tort claims; wages or other compensation due; penalties; benefits; reimbursement of expenses; discrimination or harassment, including but not limited to discrimination or harassment based on race, religion (including observance of the Sabbath, religious dress, or grooming practices), color, national origin, citizenship, ancestry, physical disability, mental disability, medical condition, genetic information, marital/familial status (including caring for a child or seeking to adopt a child under 18), sex (including pregnancy, childbirth, breastfeeding or related medical conditions), gender, gender identity, gender expression, gender dsyphoria, age, sexual orientation, military or veteran status, domestic violence victim status, or any other legally recognized protected basis under federal, state or local laws, regulations or ordinances; retaliation; and claims for violation of any federal, state, or other governmental law, common law, constitution, statute, regulation or ordinance, including but not limited to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Civil Rights Act of 1991, Section

Last updated: April 19, 2021

    1981 of U.S.C. Title 42, the Worker Adjustment and Retraining Notification Act, the Age Discrimination in Employment Act, the Fair Credit Reporting Act, the Uniform Services Employment and Reemployment Rights Act, the Genetic Information Nondiscrimination Act, the New York State Human Rights Law, the New York Labor Law, the New York State Paid Family Leave, the New York Pay Equity Law, the New York Civil Rights Law, the New York City Human Rights Law, the New York City Paid Sick and Safe Leave Law, the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act, the New Jersey Family Leave Act, the New Jersey Wage Payment Law, the New Jersey Wage and Hour Law, retaliation claim pursuant to the New Jersey Workers' Compensation Law, the New Jersey Earned Sick Leave Law, the New Jersey Equal Pay Act, the New Jersey Statutes, the Florida Civil Rights Act of 1992, the Florida Private Whistleblower Act, the Retaliation provision of the Workers Compensation Statute, the Florida Minimum Wage Act, the Florida Equal Pay Act, the Georgia Sex Discrimination in Employment Law, the Georgia Equal Employment for Persons With Disabilities Law, the Georgia Prohibition of Age Discrimination in Employment Law, the Ohio Civil Rights Act, the Ohio Equal Pay Law, all as amended, and with all of their respective implementing regulations, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise). Claims are covered by this Agreement regardless of whether they have already accrued or will accrue in the future.

2. <u>EXCLUSIONS</u>. Notwithstanding anything to the contrary in Paragraph 1, the following matters are excluded from arbitration: (i) claims for workers' compensation benefits, state disability insurance, or unemployment compensation benefits; (ii) claims for sexual harassment or abuse, or claims of discrimination that are based on the same facts and circumstances or otherwise related to excluded sexual harassment or abuse claims, but only if any applicable federal, state, or local law prohibits mandatory arbitration of those claims; (iii) administrative charges before a governmental agency, such as the New York State Division of Human Rights, New York City Commission on Human Rights, the New Jersey Division on Civil Rights, the Florida Commission on Human Relations, the Georgia Department of Labor, the Ohio Civil Rights Commission, the Equal Employment Opportunity Commission, the National Labor Relations Board, or the Department of Labor; (iv) requests for temporary restraining orders and/or preliminary injunctions where such relief is authorized by law; (v) whistleblower retaliation claims under the Sarbanes-Oxley Act (SOX) or the Dodd-Frank Act that cannot be arbitrated as a matter of law; and (vi) any other claims that, as a matter of law, the Parties are precluded from arbitrating. The filing of a court action for an injunction or other provisional remedy shall not constitute a waiver of this Agreement's provisions.

3. <u>CLASS ACTION WAIVER AND NO PRECLUSIVE EFFECT</u>. Except as otherwise required under applicable law, the Parties agree to waive their right to join or consolidate claims with others, or to make claims with others as a plaintiff or class member in any purported class, mass, collective, derivative, or representative action. Instead, the Parties agree to resolve their disputes under this Agreement only on an individual basis in arbitration. Each party shall only submit their own individual claims in arbitration and will not seek to represent the interests of any other person. The arbitrator shall not consolidate claims of other persons into one proceeding, nor shall the arbitrator have the power to hear an arbitration as a class, mass, collective, derivative, or representative action. No decision or arbitral award determining an issue with a similarly situated employee shall have any preclusive effect in any arbitration between the Parties, and the arbitrator shall have no authority to give preclusive effect to the issues determined in any arbitration between the Employer and any other

Last updated: April 19, 2021

employee. If the Parties' dispute involves both timely excluded claim(s) and claim(s) subject to this Agreement, the Parties agree to bifurcate and stay for the duration of the arbitration proceedings any such excluded claim(s).

   a. Notwithstanding the severability provision in this Agreement's Paragraph 11, if a court of competent jurisdiction or the American Arbitration Association determines that the class, mass, collective, derivative, or representative action waiver in this Paragraph 3 is unenforceable, and either party has alleged any class or collective action claims, then this entire arbitration Agreement shall be deemed null, void, and enforceable.

4. WAIVER OF TRIAL BY JURY. The Parties understand and fully agree that by entering into this Agreement to arbitrate, they are giving up their constitutional right to have a trial by jury and are giving up their normal rights of appeal following the rendering of a decision except as provided for judicial review of arbitration proceedings in accordance with the laws of the state where Employee is assigned to work. The Parties anticipate that by entering into this Agreement, they will gain the benefits of a speedy and less expensive dispute resolution procedure.

5. TERMS OF ARBITRATION. This Agreement shall be governed by the Federal Arbitration Act, 9 U.S.C. Section 1, et seq. ("FAA"), but if the FAA is held not to apply to this Agreement for any reason, this Agreement shall be enforced under the laws of the state where Employee is assigned to work. Either party may ask a court to stay any court proceeding to compel arbitration under this Agreement, and to confirm, vacate, or enforce an arbitration award. Judgment on the award rendered by the arbitrator may be entered in the state and county where Employee is assigned to work.

6. ARBITRATION PROCEDURE.  Arbitration shall be conducted pursuant to the American Arbitration Association's (the "AAA") Employment Arbitration Rules ("AAA Rules") then in effect, to the extent they are not inconsistent with any provision of this Agreement or the FAA. Employee may contact the AAA to obtain a copy of the AAA Rules or by accessing the AAA website at www.adr.org. Upon request, the Company will also provide the AAA Rules to Employee. Employee may also contact AAA at 1-800-778-7879 for a copy of the AAA Rules or any questions. In the event of any such inconsistency, the provisions of the FAA or the terms of this Agreement shall govern.

   a. The aggrieved Party must give written notice of any claim subject to this Agreement to the other Party no later than the expiration of the applicable statute of limitations for such claim. Written notice of an Employee's claim shall be mailed by certified or registered mail, return receipt requested, to the Company's Legal Department at 3433 W. Exposition Place, Los Angeles, CA 90018 and a courtesy copy emailed to legal@goat.com.

   b. The Parties agree that the Company has valuable trade secrets and proprietary and confidential information. The Parties further agree that Employee may also possess proprietary or confidential information. Thus, the Parties both agree that in the course of any arbitration proceeding, all necessary steps will be taken to protect from public disclosure either the Company's or Employee's trade secrets, proprietary, private, or confidential information.

3

Last updated: April 19, 2021

    c. Arbitration shall be conducted before a single neutral arbitrator with at least 10 years of experience in deciding employment disputes, to be mutually selected by the Parties. The arbitration shall take place in the county where Employee is assigned to work.

    d. The arbitrator shall apply the substantive state or federal law (and the law of remedies, if applicable) as applicable to the claim(s) asserted.

    e. The Parties shall be entitled to engage in reasonable pre-hearing discovery to obtain information to prosecute or defend the asserted claim(s). Each Party shall have the right to conduct meaningful discovery pursuant to all applicable laws, including but not limited to the rules of civil procedure that apply to the state where Employee is assigned to work, and may include the use of written interrogatories, requests for production of documents, and requests for admissions, to take depositions, and to subpoena witnesses and documents, including from third parties. The Parties agree that any requested discovery must be for good cause, and cannot be to harass, delay, or needlessly increase costs of litigation. The Parties further agree that any dispute regarding the nature or scope of discovery shall be decided by the arbitrator and that the arbitrator may limit discovery where good cause does not exist.

    f. The Parties agree that, at least 30 days prior to the initial arbitration management conference, the Parties will meet and confer to discuss any potential disputes regarding the discovery process, particularly if the processes and procedures set forth in this Agreement differ from those set forth in the effective AAA Rules.

    g. The arbitrator shall hear and issue a written ruling upon any motions brought by either party, including but not limited to, motions for summary judgment or summary adjudication of issues.

    h. The arbitrator shall conduct and preside over an arbitration hearing of reasonable length, to be determined by the arbitrator.

    i. Within 30 days of the close of the arbitration hearing, or as otherwise required by all applicable rules or otherwise agreed to by the Parties and arbitrator, the arbitrator shall issue a written decision with a statement of the findings and reasons for the arbitration award or other decision. Such award or other decision shall be final and binding on the Parties and may be entered as a judgment in any court of competent jurisdiction.

    j. The arbitrator may award any remedy or relief available under applicable law, including any remedy or relief, such as injunctive relief or other equitable remedies, that would be available in a court of law in an individual lawsuit. The arbitrator shall have the authority to provide for an award of attorneys' fees and costs if such award is authorized by applicable law.

    a. Notwithstanding the foregoing, and regardless of what is provided by the AAA Rules, the arbitrator will not have authority or jurisdiction to consolidate claims of different employees into one proceeding, nor shall the arbitrator have authority or jurisdiction to hear the arbitration as a class, mass, collective, derivative, or representative action. If five (5) or more

Last updated: April 19, 2021

    arbitration cases are pending at the same time that present substantially similar or overlapping allegations of fact of law, the Parties agree to follow the procedures set forth in Paragraph 7 of this Agreement to efficiently administer the numerous arbitrations.

7. PROCEDURE FOR MULTIPLE AND RELATED ARBITRATION PROCEEDINGS. The following procedures shall be used when a claim under this Agreement is one of five (5) or more arbitration cases pending at the same time which present substantially similar or overlapping allegations of fact or law. A court of competent jurisdiction, and not the AAA or an arbitrator, shall resolve any dispute over whether these procedures apply to any claim or group of claims.

    a. Purpose and rationale. A large number of arbitration cases with substantially similar or overlapping allegations will impose excessive transaction costs regardless of the cases' merit or lack of merit. It also is logistically difficult or impossible to arbitrate simultaneously large numbers of substantially similar cases. The Parties therefore agree to use these litigation procedures similar to those that courts use in mass-tort cases, based on the judiciary's experience that, after one or a few cases are tried to verdict or otherwise resolve, most or all of the other cases settle or otherwise resolve themselves.

    b. Procedure. To the maximum extent permitted by law, no more than five (5) cases will be active at any one time. All remaining cases will be stayed, with the statutes of limitations tolled. As soon as one of the original active cases is resolved (by decision, settlement, or otherwise), a stayed arbitration shall replace it on the list of five (5) active cases. Except as provided below, cases shall be placed on or moved to the active list in the order demands for arbitration are first received by the AAA. Until a case is on or is moved to the list of five (5) active cases, the sum the Employee paid to initiate a case shall be refunded, and the Company shall have no obligation to pay any AAA or arbitrator fees.

    c. Hardship. If Employee claims exceptional hardship from any delay based on these procedures, Employee may petition the Company to waive the five (5) case limit for that case. If the Company does not agree, Employee may petition the AAA to place Employee's case on the list of five (5) active cases, on the ground that delay will impose exceptional hardship. If the AAA finds exceptional hardship and grants Employee's petition, the AAA shall (based on its determination of relative hardship) remove one other case from the list of five (5) active cases and place it at the head of the list of stayed cases. Under no circumstances shall the AAA place more than five (5) cases into active status. If more than five (5) hardship applications are granted, the AAA shall determine which five (5) cases shall proceed first, based on its determination of relative hardship.

8. FEES. The Company shall pay the arbitrator's fees and all expenses that are unique to arbitration, except that the Employee shall be responsible for paying the initial filing fees. Employee shall not be required to pay any cost or expense of the arbitration that Employee would not be required to pay if the matter had been heard in court. Each Party will pay their own attorneys' fees, witness and transcript fees, and other litigation expenses associated with the arbitration. However, if any Party prevails on a statutory claim which affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the arbitrator may award reasonable

    attorneys' fees and costs to the prevailing party. Any dispute as to the reasonableness of any fee or cost shall be resolved by the Arbitrator.

9. <u>AT-WILL EMPLOYMENT</u>.  This Agreement is not, and shall not be construed to create, any contract of employment, express or implied, nor shall this Agreement be construed in any way to change the status of the Employee from that of at-will employment.

10. <u>CONSTRUCTION AND GOVERNING LAW</u>.  The captions used in connection with this Agreement are for reference purposes only and shall not be construed as part of this Agreement. This Agreement shall be governed by and construed in accordance with the laws of the state where Employee is assigned to work.

11. <u>SEVERABILITY</u>.  If any provision of this Agreement is found to be void or unenforceable, in whole or in part, the void or unenforceable provision shall be severed, but the remainder of this Agreement shall not be affected and shall remain valid and in full force and effect to the extent permitted by law.

12. <u>ASSIGNMENT</u>.  This Agreement is personal to Employee and may not be assigned by Employee. Any such assignment shall be null and void from the initial date of the purported assignment. The Company may assign this Agreement to any successor or assign (whether direct or indirect, by purchase, merger, consolidation, or otherwise) to all or substantially all of the business or assets of the Company.

13. <u>MODIFICATION AND WAIVER</u>.  No provision of this Agreement may be amended or modified unless such amendment or modification is agreed to in writing and signed by the Parties. No waiver by either of the Parties of any breach by the other party hereto of any condition or provision of this Agreement to be performed by the other party hereto shall be deemed a waiver of any similar or dissimilar provision or condition at the same or any prior or subsequent time, nor shall the failure of or delay by either of the Parties in exercising any right, power or privilege hereunder operate as a waiver thereof to preclude any other or further exercise thereof or the exercise of any other such right, power or privilege.

14. <u>COMPLETE AGREEMENT</u>.  This Agreement constitutes the Parties' complete agreement with regard to arbitration. This Agreement supersedes any prior or contemporaneous oral or written agreement or understanding on the subject of arbitration, such as other arbitration agreements or policies, including, but not limited to, anything regarding arbitration in any previously distributed employee handbook, policy or acknowledgement.

15. <u>AGREEMENT TERM</u>.  This Agreement to arbitrate shall survive the termination of Employee's employment. It can only be revoked or modified in writing signed by both Parties that specifically states an intent to revoke or modify this Agreement and is signed by the Company's CEO or COO.

16. <u>KNOWING AND VOLUNTARY AGREEMENT</u>.  Employee acknowledges that Employee has been advised by the Company to consult with an attorney of Employee's own choosing before signing this Agreement. By executing this Agreement, Employee further agrees that Employee is waiving all rights to a trial or hearing before a judge or jury with respect to any and all disputes and claims regarding

Last updated: April 19, 2021

Employee's employment with the Company or the recruitment to or termination thereof that are subject to arbitration under this Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Last updated: April 19, 2021

BY SIGNING THIS AGREEMENT, THE PARTIES REPRESENT THAT THEY HAVE BEEN GIVEN THE OPPORTUNITY TO FULLY REVIEW, COMPREHEND, AND NEGOTIATE THE TERMS OF THIS AGREEMENT, AND HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY, EXCEPT FOR THOSE CLAIMS SPECIFICALLY EXCLUDED HEREIN.

| 1661, INC. DBA GOAT | EMPLOYEE |
|---|---|
| *[signature]* | Electronically Signed By: Blanca Cortes |
| EDWARD LU, CEO | EMPLOYEE NAME: Blanca Cortes |
| | DATE: 7/13/2021 |

8